IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHEET METAL WORKERS' HEALTH & : CIVIL ACTION
WELFARE FUND OF LOCAL NO. 19 :
1301 South Columbus Boulevard : NO.
Philadelphia, PA 19147 :
:
:
and :
:
:
SHEET METAL WORKERS' PENSION FUND :
OF LOCAL NO. 19 :
1301 South Columbus Boulevard :
Philadelphia, PA 19147 :
:
:
and :
:
SHEET METAL WORKERS' ANNUITY FUND :
OF LOCAL NO. 19 :
1301 South Columbus Boulevard :
Philadelphia, PA 19147 :
:
:
and :
:
SHEET METAL WORKERS' VACATION FUND :
OF LOCAL NO. 19 :
1301 South Columbus Boulevard :
Philadelphia, PA 19147 :
:
:
and :
:
SHEET METAL WORKERS' SUPPLEMENTAL :
UNEMPLOYMENT BENEFIT (S.U.B.) FUND :
OF LOCAL NO. 19 :
1301 South Columbus Boulevard :
Philadelphia, PA 19147 :
:
:
and :
:
SHEET METAL WORKERS' JOINT :
APPRENTICESHIP FUND OF PHILADELPHIA :
AND VICINITY :
1301 South Columbus Boulevard :
Philadelphia, PA 19147 :
:
:
and :

SHEET METAL WORKERS' INTERNATIONAL
TRAINING INSTITUTE (ITI)
601 North Fairfax Street
Suite 600
Alexandria, VA  22314

        and

SHEET METAL WORKERS' LOCAL 19
1301 South Columbus Boulevard
Philadelphia, PA  19147

        and

GARY MASINO, TRUSTEE
SHEET METAL WORKERS' LOCAL 19
BENEFIT FUNDS
1301 South Columbus Boulevard
Philadelphia, PA  19147,

                    Plaintiffs,

    v.

CROMEDY CONSTRUCTION CORPORATION
5702 Newtown Avenue
Philadelphia, PA 19120

                    Defendant.

## COMPLAINT

### The Parties

1.     Plaintiffs Sheet Metal Workers' Health & Welfare Fund of Local No. 19, Sheet Metal Workers' Pension Fund of Local No. 19, Sheet Metal Workers' Annuity Fund of Local No. 19, Sheet Metal Workers' Vacation Fund of Local No. 19, Sheet Metal Workers' Supplemental Unemployment Benefit (S.U.B.) Fund of Local No. 19, Sheet Metal Workers' Joint Apprenticeship Fund of Philadelphia and Vicinity, (hereafter collectively, "Local 19 Funds") are employee benefit plans pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter, "ERISA"), 29 U.S.C. Section §1002(3), with their principal office located at 1301

South Columbus Boulevard, Philadelphia, Pennsylvania 19147.

2. Plaintiff, Sheet Metal Workers' International Training Institute is an employee benefit plan pursuant to Section 3(3) of ERISA, 29 U.S.C. Section §1002(3), with its principal office at 601 North Fairfax Street, Suite 600, Alexandria, Virginia 22314, (hereafter, "ITI", and collectively hereafter with the aforementioned Local 19 Funds, the "Plaintiff Funds"). Plaintiff Funds are due and owing the relief sought from Cromedy Construction Corporation, (the "Defendant" or "Cromedy") as set forth below.

3. Plaintiff, Sheet Metal Workers' Local No. 19 ("Plaintiff Union"), is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act of 1947 (hereafter, the "LMRA"), as amended, 29 U.S.C. §152, with its principal office located at 1301 South Columbus Boulevard, Philadelphia, Pennsylvania 19147. Plaintiff Union brings this action on its own behalf and on behalf of its members who are participants in and beneficiaries of Plaintiff Funds.

4. Plaintiff Gary Masino, a trustee of the Plaintiff Funds, , acts as a fiduciary on behalf of Plaintiff Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), for the purposes of collecting delinquent contributions, and brings this action in such capacity on behalf of the Plaintiff Funds.

5. Defendant Cromedy Construction Corporation, is a company doing business at 5702 Newtown Avenue, Philadelphia, PA 19120.

6. Defendant is engaged in commerce within the meaning of Section 2(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(6), and has employed members of Plaintiff Union pursuant to a collective bargaining agreement in the Commonwealth of Pennsylvania.

7. Defendant is an Employer within the meaning of Section 2(2) and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(2) and Section 185; and Sections 3(5) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1002(5) and Section 1145.

## Jurisdiction & Venue

8. Jurisdiction in the District Court is proper pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, in that Defendant is an employer within the meaning of the Labor Management Relations Act, and has been and continues to be a party to collective bargaining agreements which form the basis of this litigation; and 28 U.S.C. Section 1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

9. Jurisdiction of the District Court is also proper pursuant to Sections 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145. The Eastern District of Pennsylvania is the proper venue under ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff Funds are administered in this judicial district.

## Cause Of Action

10. The Plaintiff Union and Defendant Cromedy are parties to a collective bargaining agreement(s), which requires that the Defendant make certain contributions on a timely basis to the Plaintiff Funds and remit certain payments to the Plaintiff Union.

11. Defendant, like all other contributing employers to Plaintiff Funds, is required to submit monthly reports accurately setting forth the hours worked by employees covered under the collective bargaining agreement(s), and to remit contributions to Plaintiff Funds, at rates commensurate with those required pursuant to the collective bargaining agreement(s), for all hours

4

worked. The collective bargaining agreement(s) further note that liquidated damages and interest shall be assessed to untimely and/or unpaid fringe benefit contributions until the employer cures its delinquency. Notwithstanding obligations contained in said collective bargaining agreement(s), Defendant has failed to timely remit employees' required fringe benefit contributions. A copy of the relevant collective bargaining agreement is attached, in relevant part, hereto as Exhibit A.

12. Defendant has employed workers for whom it failed to remit the required benefit contributions on time for the periods of January 1, 2017 through October 31, 2017, thus resulting in an estimated obligation of approximately $7,845.19 for the liquidated damages that have accrued to date due to Defendant's late remittances to the Plaintiff Funds of its benefit contribution obligations.

13. Payment of timely benefit contributions to Plaintiff Funds are critical, as those contributions are utilized to supply members of the Plaintiff Union, including the Defendant's own employees, and their beneficiaries, presently with health coverage and, pension credits that will be paid upon member retirement in the future. Any failure to remit contributions timely by the required due date set forth in the relevant collective bargaining agreement(s) and/or delinquency policy can cause significant damage to the Plaintiff Funds' ability to provide member benefits. See Exhibit A; see also, a copy of the Plaintiff Funds' Delinquency Policy is attached hereto as Exhibit B.

14. These amounts may also change as Defendant makes partial payments and/or fails to make payments due as a result of additional work performed under the collective bargaining agreement(s).

15. Defendant has been notified of its delinquencies, but has failed or refused to make appropriate and timely payments as required. This failure constitutes a willful derogation of the Defendant's responsibilities to the Plaintiff Union, the Plaintiff Funds and their

employees/participants. Copies of Plaintiff's Notices to Defendant, including calculation of liquidated damages and interest, are attached hereto as Exhibit C.

16. Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, Plaintiffs request this Honorable Court to grant judgment against the Defendant and in favor of the Plaintiffs and to award relief as follows:

- a. Judgment in each amount as represents the total accumulated delinquency, or such other amount as may be due and owing when this cause of action reaches judgment;
- b. Reasonable counsel fees, interest and costs of suit;
- c. Injunctive relief ordering the Defendant to remit employer reports, contributions, and other required payments in a timely fashion;
- d. Liquidated damages as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA; and
- e. Other relief as the Court deems just and proper.

**SPEAR, WILDERMAN, P.C.**

BY: _/s/ Nicholas Botta_
NICHOLAS J. BOTTA
Counsel for Plaintiffs
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101

Dated: February 22, 2018